1  RAFII & ASSOCIATES, P.C.
   DANIEL J. RAFII, ESQ. (SBN 244174)
2  Daniel@rafiilaw.com
3  10100 Santa Monica Blvd. Suite 300
   Los Angeles, CA 90067
4  Phone: (310) 651-9926
   Facsimile: (310) 651-9927
5
6  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
7  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
8  Woodland Hills, California 91367
   Telephone:    (818) 347-3333
9  Facsimile:    (818) 347-4118

10 Attorneys for Plaintiffs

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13
   EILEEN RAMIREZ, Individually, and as        ) Case No.  CV12-09697 SVW (FFM)
14 Successor in interest to the Deceased JOSE  )
   LUIS RAMIREZ, DECEASED;  and JOSE          ) PLAINTIFFS' FIRST AMENDED
15 RAMIREZ, Individually, and as successor in  ) COMPLAINT FOR DAMAGES
16 interest to the Deceased JOSE LUIS          )
   RAMIREZ,                                    ) 1.  EXCESSIVE FORCE AND DENIAL
17                                             )     OF MEDICAL CARE (42 U.S.C. §
                                               )     1983);
18                  Plaintiffs,                ) 2.  SUBSTANTIVE DUE PROCESS (42
19                                             )     USC § 1983);
   vs.                                         ) 3.  MUNICIPAL LIABILITY (42 USC §
20                                             )     1983);
   CITY OF PORT HUENEME; GARY                  ) 4.  ASSAULT/BATTERY (WRONGFUL
21 JONES, an individual; and DOES I through    )     DEATH); and
22 10,  Individually and in their Official     ) 5.  NEGLIGENCE (WRONGFUL
   Capacity                                    )     DEATH)
23                                             )
24                  Defendants.                ) [REQUEST FOR JURY TRIAL]
25                                             )

26

27    PLAINTIFFS EILEEN RAMIREZ and JOSE RAMIREZ, by and through their

28 attorneys, respectfully allege as follows:

---

First Amended Complaint for Damages

1

## I.     PRELIMINARY STATEMENT

1.    Plaintiffs brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for civil rights violations and torts related thereto, as said rights are secured by said statutes and the Constitutions of the State of California and the United States.

## II.     JURISDICTION AND VENUE

2.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Venue is properly laid in the Central District of California under 28 U.S.C. § 1391(b), in that this is the District in which the claims arose.

## III.     JURY DEMAND

4.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## IV.     PARTIES

5.    At all relevant times, Jose Luis Ramirez ("Decedent") was an individual residing in the County of Ventura, California.

6.    Plaintiff EILEEN RAMIREZ is an individual residing in the County of Ventura, California, and was at all relevant times the natural mother of DECEDENT.   EILEEN RAMIREZ sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.   EILEEN RAMIREZ seeks both survival and wrongful death damages under federal and state law.

7.    Plaintiff JOSE RAMIREZ is an individual residing in the County of Ventura, California, and was at all relevant times the natural father of DECEDENT.   JOSE RAMIREZ sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.   JOSE RAMIREZ seeks both survival and wrongful death damages under federal and state law.

8.   At all relevant times, Defendant, the CITY OF PORT HUENEME, is and was a duly organized public entity, form unknown, existing under and by virtue of the laws of the State of California. At all relevant times, CITY OF PORT HUENEME was the employer of GARY JONES, who was a CITY OF PORT HUENEME police officer.

9.   Defendant, CITY OF PORT HUENEME, maintains the Port Hueneme Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department, and acting under the direction and supervision of the aforementioned public entity, the CITY OF PORT HUENEME.

10.   Defendant, GARY JONES (hereinafter referred to as "OFFICER JONES"), is an individual, and at all times herein mentioned, a CITY OF PORT HUENEME Police Officer. At all relevant times, DEFENDANT OFFICER JONES was a duly authorized employee and agent of CITY OF PORT HUENEME, who was acting under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal, Defendant CITY OF PORT HUENEME.

11.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

12.   DOE defendants 1 through 10, and each of them, and Defendant OFFICER JONES, are and were at all times relevant hereto, employees, police officers, sergeants, investigators, and other supervisory police and civilian employees of the CITY OF PORT HUENEME, acting within their capacity as employees, agents and servants of defendant the CITY OF PORT HUENEME. These defendants, and at all times alleged herein, were acting within the course and scope of that employment and agency. Defendants OFFICER JONES and DOES 1 through 10 are sued individually and in their capacity as officers, sergeants, captains, and other police

---

First Amended Complaint for Damages

officers for defendant CITY OF PORT HUENEME.

13. At all relevant times, Defendants OFFICER JONES and DOES 1 through 10 were duly appointed deputies and/or employees or agents of CITY OF PORT HUENEME, subject to oversight and supervision by CITY OF PORT HUENEME's elected and non-elected officials.

14. In doing the acts and failing and omitting to act as hereinafter described, Defendants OFFICER JONES and DOES 1 through 10 were acting on the implied and actual permission and consent of the CITY OF PORT HUENEME.

15. At all times mentioned herein, each and every CITY OF PORT HUENEME defendant was the agent of each and every other CITY OF PORT HUENEMEN defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY OF PORT HUENEME defendant.

## V.   **STATEMENT OF FACTS**

16. On or about November 19, 2011, in the late evening, approximately 10:45 p.m., DECEDENT was driving a vehicle in Ventura County.

17. As DECEDENT drove through the City of Oxnard on Redwood Street, a police officer vehicle began to follow DECEDENT's vehicle.

18. Upon information and belief, the pursuing vehicle was driven by Defendant OFFICER JONES, a police officer employed by the CITY OF PORT HUENEME.

19. The vehicle pursuing DECEDENT did not activate any other emergency device such as lights or a siren to convey to DECEDENT that the vehicle behind him was a police (or any type of law enforcement) vehicle.

20. Thereafter, DECEDENT slowed his vehicle and pulled toward the side of the road.

21. OFFICER JONES then pulled his vehicle behind DECEDENT, approached DECEDENT's car with a taser and a firearm and threatened to shoot the DECEDENT. Some time later, OFFICER JONES shot the DECEDENT through the windows on the driver's side of the car while OFFICER JONES was not reasonably in immediate fear of death or serious bodily injury.

22. As a result of the forgoing, DECEDENT suffered multiple gunshot wounds which

1   ultimately lead to his death.

2      23.  At no time during the incident did DECEDENT threaten OFFICER JONES or pose an

3   immediate threat of death or serious bodily injury that would justify the deadly force used by

4   OFFICER JONES.

5      24.  At no time on November 19, 2011 was DECEDENT armed with a weapon.

6      25.  As DECEDENT remained in his car bleeding out from multiple gunshot wounds, other

7   law enforcement officers, including OFFICER JONES, failed to immediately summon or render

8   medical attention to DECEDENT.

9      26.  As a direct result of the gunshot wounds and the failure to provide immediate medical

10  attention, DECEDENT languished in a hospital for four days before his death on November 23,

11  2011. DECEDENT was in pain and suffering and incurred medical expenses before his death.

12     27.  As a result of the forgoing, plaintiffs JOSE RAMIREZ and EILEEN RAMIREZ

13  suffered the untimely end of their relationship with their son, DECEDENT, the companionship,

14  comfort, guidance, counsel and advice, and were forced to incur funeral and burial expenses.

15     28.  Prior to the commencement of this action, plaintiffs presented a government tort claim

16  to all named defendant public entities in full and timely compliance with the California Tort

17  Claim Act.

18     29.  All named public defendant entities each rejected, denied or denied by operation of law

19  said claim filed by plaintiffs against each of them.

20

21  **FIRST CLAIM FOR RELIEF**

22  **UNREASONABLE SEARCH AND SEIZURE— EXCESSIVE FORCE**

23  **AND DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)**

24  **(Against Defendants OFFICER JONES AND DOES 1 - 10)**

25     30. Plaintiffs incorporate by reference herein each and every allegation contained in

26  paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth at length herein

27     31.  OFFICER JONES' unjustified shooting deprived DECEDENT of his right to be secure

28

---

First Amended Complaint for Damages

in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. The unreasonable use of force by OFFICER JONES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  JOSE RAMIREZ and EILEEN RAMIREZ have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  JOSE RAMIREZ and EILEEN RAMIREZ are also claiming funeral and burial expenses and a loss of financial support.

34. Defendants OFFICER JONES and DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

35. The conduct of OFFICER JONES and DOES 1 - 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER JONES and DOES 1-10.

36. JOSE RAMIREZ brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival damages and wrongful death damages under this claim.

37. EILEEN RAMIREZ brings this claim individually and as successor-in- interest to DECEDENT, and seeks both survival damages and wrongful death damages under this claim.

38.  Plaintiffs also seek attorney fees under this claim.

First Amended Complaint for Damages

6

**SECOND CLAIM FOR RELIEF**

**SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

39. Plaintiffs incorporate by reference herein each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth at length herein.

40. JOSE RAMIREZ and EILEEN RAMIREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in JOSE RAMIREZ's and EILEEN RAMIREZ's familial relationship with their son, DECEDENT.

41. JOSE RAMIREZ and EILEEN RAMIREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience.

42. As a result of the excessive force by OFFICER JONES, DECEDENT died. JOSE RAMIREZ and EILEEN RAMIREZ were thereby deprived of their constitutional rights of familial relationship with DECEDENT.

43. The aforementioned actions of OFFICER JONES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, JOSE RAMIREZ and EILEEN RAMIREZ, and with purpose to harm unrelated to any legitimate law enforcement objective.

44. OFFICER JONES, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT, JOSE RAMIREZ and EILEEN RAMIREZ.

45. As a direct and proximate cause of the acts of OFFICER JONES, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. JOSE RAMIREZ and EILEEN RAMIREZ suffered extreme and severe mental anguish and pain and have been injured in mind and body. JOSE RAMIREZ and EILEEN RAMIREZ have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of

1   DECEDENT, and will continue to be so deprived for the remainder of their natural lives. JOSE

2   RAMIREZ and EILEEN RAMIREZ are also claiming funeral and burial expenses and a loss of

3   financial support.

4       46. As a result of the conduct of OFFICER JONES, Defendants are liable for

5   DECEDENT's, JOSE RAMIREZ's and EILEEN RAMIREZ's injuries, either because they

6   were integral participants in the denial of due process, or because they failed to intervene to

7   prevent these violations.

8       47. The conduct of OFFICER JONES was willful, wanton, malicious, and done with

9   reckless disregard for the rights and safety of DECEDENT, JOSE RAMIREZ and EILEEN

10  RAMIREZ and therefore warrants the imposition of exemplary and punitive damages as to

11  OFFICER JONES.

12      48. JOSE RAMIREZ brings this claim individually and as a successor-in-interest to

13  DECEDENT, and seeks both survival damages and wrongful death damages in this claim.

14      49. EILEEN RAMIREZ brings this claim individually and as a successor-in-interest to

15  DECEDENT, and seeks both survival and wrongful death damages in this claim.

16      50. Plaintiffs also seek attorney fees under this claim.

17

18                  **THIRD CLAIM FOR RELIEF**

19          **MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

20          **(Against Defendants CITY OF PORT HUENEME and DOES 1-10)**

21      51. Plaintiffs incorporate by reference herein each and every allegation contained in

22  paragraphs 1 through 50 inclusive, of this Complaint as though fully set forth at length herein.

23      52.  On and for some time prior to November 19, 2011 (and continuing to the present date)

24  Defendants deprived JOSE RAMIREZ, EILEEN RAMIREZ, and DECEDENT of the rights and

25  liberties secured to them by the Fourth and Fourteenth Amendments to the United States

26  Constitution, in that said defendants and their supervising and managerial employees, agents,

27  and representatives, acting with gross negligence and with reckless and deliberate indifference

28  to the rights and liberties of the public in general, and of JOSE RAMIREZ, EILEEN

---

First Amended Complaint for Damages

RAMIREZ, and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including OFFICER JONES, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY OF PORT HUENEME Police Department's policies;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining CITY OF PORT HUENEME Police Department's Deputies, and other personnel, including OFFICER JONES, whom defendant CITY OF PORT HUENEME knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by OFFICER JONES;

    d. By failing to adequately train officers, including OFFICER JONES, and failing to institute appropriate policies, regarding constitutional procedures and practices for vehicle pursuits and shooting at moving vehicles, and where an officer should position himself relative to a vehicle following a vehicle stop;

    e. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants, were done with a deliberate indifference to individuals' safety and rights; and

    f. Of totally inadequately training CITY OF PORT HUENEME Police Department's Deputies, including OFFICER JONES, with respect to the use of

1    deadly force.

2    53. By reason of the aforementioned policies and practices of Defendants, DECEDENT was

3  severely injured and subjected to pain and suffering and lost his life.

4    54. Defendants, together with various officials, whether named or unnamed, had either

5  actual or constructive knowledge of the deficient policies, practices and customs alleged in the

6  paragraphs above. Despite having knowledge as stated above these defendants condoned,

7  tolerated and through actions and inactions thereby ratified such policies. Said defendants also

8  acted with deliberate indifference to the foreseeable effects and consequences of these policies

9  with respect to the constitutional rights of DECEDENT, JOSE RAMIREZ, and EILEEN

10  RAMIREZ, and other individuals similarly situated.

11    55. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other

12  wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for the life

13  of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Each of defendants'

14  actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

15  unconscionable to any person of normal sensibilities.

16    56. Furthermore, the policies, practices, and customs implemented and maintained and still

17  tolerated by defendant CITY OF PORT HUENEME, were affirmatively linked to and were a

18  significantly influential force behind the injuries of DECEDENT and Plaintiffs.

19    57. By reason of the aforementioned acts and omissions of defendant CITY OF PORT

20  HUENEME and DOES 1-10, JOSE RAMIREZ and EILEEN RAMIREZ have suffered loss of

21  love, companionship, affection, comfort, care, society, and future support.

22    58. Accordingly, defendant CITY OF PORT HUENEME and DOES 1-10, are each liable to

23        Plaintiffs for compensatory damages under 42 U.S.C § 1983.

24    59. JOSE RAMIREZ seeks both wrongful death and survival damages under this claim.

25    60. EILEEN RAMIREZ seeks both wrongful death and survival damages under this claim.

26  //

27  //

28  //

---

First Amended Complaint for Damages

### FOURTH CLAIM FOR RELIEF

### ASSAULT/BATTERY (WRONGFUL DEATH)

### (Against ALL DEFENDANTS)

61. Plaintiffs incorporate by reference herein each and every allegation contained in paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth at length herein.

62. At that time and place herein above alleged, Defendant OFFICER JONES, without just and legal cause, drew his service firearm and pointed it at DECEDENT causing him great fear, apprehension and emotional distress and placed him in immediate fear for his life, threatened DECEDENT with a taser, threatened DECEDENT with a gun, and said defendant did in fact then discharge his firearm at DECEDENT, and at least three shots struck DECEDENT, causing his death.

63. Said assault and battery was not consented to by DECEDENT and was the proximate cause of the injuries complained of herein.

64. As a proximate result of the acts of defendant OFFICER JONES, DECEDENT suffered permanent injuries, resulting in his death on November 23, 2011. OFFICER JONES had no legal justification for using force against DECEDENT. The unreasonable use of force included the use of deadly force by OFFICER JONES against the DECEDENT.

65. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. JOSE RAMIREZ and EILEEN RAMIREZ have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. JOSE RAMIREZ and EILEEN RAMIREZ are also claiming funeral and burial expenses and a loss of financial support.

66. The present action is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, OFFICER JONES, is liable for injuries caused by his acts or omissions to the same extent as a private person. At all times mentioned herein, OFFICER JONES was acting within the course

1    and scope of his employment with defendant CITY OF PORT HUENEME. As such defendant

2    CITY OF PORT HUENEME is liable for respondeat superior for the injuries caused by the acts

3    or omissions of OFFICER JONES pursuant to section 815.2 of the California Government

4    Code.

5        67. JOSE RAMIREZ and EILEEN RAMIREZ are seeking wrongful death damages and

6    survival damages under this claim.

7        68. The conduct of OFFICER JONES was malicious, wanton, oppressive, and accomplished

8    with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs,

9    individually and as successors in interest to DECEDENT, to an award of exemplary and

10    punitive damages.

11

12                    **FIFTH CLAIM FOR RELIEF**

13                   **NEGLIGENCE (WRONGFUL DEATH)**

14                     **(Against ALL DEFENDANTS)**

15        69. Plaintiffs incorporateby reference herein each and every allegation contained in

16    paragraphs 1 through 69, inclusive, of this Complaint as though fully set forth at length herein.

17        70. The actions and inactions of the Defendants were negligent and reckless, including but

18    not limited to:

19            a.   The failure to properly and adequately assess the need the need to use deadly

20    force against DECEDENT;

21            b.   The negligent tactics and handling of the situation with DECEDENT, including

22    pre-shooting negligence;

23            c.   the negligent use of force, including deadly force against DECEDENT;

24            d.   the failure to properly train and supervise employees, both professional and non-

25    professional, including OFFICER JONES;

26            e.   the failure to ensure that adequate numbers of employees with appropriate

27    education and training were available to meet the needs of and protect the rights of

28    DECEDENT;

---

First Amended Complaint for Damages

f.  the failure to provide prompt medical care to DECEDENT;

g.  the negligent handling of evidence and witnesses; and

h.  the negligent violation of Department policies with respect to the use of deadly force and shooting at a moving vehicle.

71. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, JOSE RAMIREZ and EILEEN RAMIREZ suffered extreme and severe mental anguish and pain and have been injured in mind and body. JOSE RAMIREZ and EILEEN RAMIREZ also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. JOSE RAMIREZ and EILEEN RAMIREZ are also claiming funeral and burial expenses and a loss of financial support.

72. CITY OF PORT HUENEME is vicariously liable for the wrongful acts of OFFICER JONES and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

73. JOSE RAMIREZ and EILEEN RAMIREZ are seeking wrongful death damages and survival damages under this claim.

///

///

///

//

//

//

//

First Amended Complaint for Damages

13

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request entry of judgment in their favor and against Defendants CITY OF PORT HUENEME, OFFICER JONES and DOES 1-10, inclusive, as follows:

1.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2.  For funeral and burial expenses, and loss of financial support;

3.  For punitive damages against the individual defendants in an amount to be proven at trial;

4.  For interest

5.  For reasonable costs of this suit and attorneys' fees; and

6.  For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.


DATED: March 12, 2013                 Respectfully Submitted,

                                      **RAFII & ASSOCIATES, P.C.**
                                      A PROFESSIONAL LAW CORPORATION


                              By:     _____
                                      Daniel J. Rafii, Esq.
                                      Attorney for Plaintiffs

---

First Amended Complaint for Damages

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 10100 Santa Monica Blvd., Suite 300, Los Angeles, CA 90067.

On March 12, 2013, I served true copies of the following document(s) described as **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** on the parties in this action as follows:

**WISOTSKY, PROCTER & SHYER**      *Attorneys for Defendants City of Port*
**James N. Proctor II, Esq.**                    *Hueneme*
**Dirk DeGenna, Esq.**
**300 Esplanade Drive, Suite 1500**
**Oxnard, CA 93036**

**BY MAIL:** I caused such envelope(s) fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 12, 2013, at Los Angeles, California.

Sayra Mazariegos